UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ADVENTURE MEDIA AND EVENTS, LLC,

        Plaintiff,

    v.

CHARLENE DELOACH OLIVER,

        Defendant.

Civil Action No. 26CV12517

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Adventure Media and Events, LLC ("Adventure"), by its undersigned attorneys, alleges as follows for its First Amended Complaint against defendant Charlene DeLoach Oliver ("DeLoach" or "Defendant"):

1.      This is an action for trademark infringement pursuant to 15 U.S.C. § 1114, and for trade dress infringement and unfair competition pursuant to 15 U.S.C. § 1125. Adventure seeks relief including but not limited to (1) Defendant's profits, (2) any damages sustained by Adventure, (3) the costs of the action, (4) attorneys' fees, and (5) such other and further relief as may be just, pursuant to 15 U.S.C. § 1117.

## I.      SUBJECT MATTER JURISDICTION AND VENUE

2.      This Court has federal question jurisdiction under 28 U.S.C. § 1331, because Adventure's claims arise under the laws of the United States, including but not limited to 15 U.S.C. §§ 1114 and 15 U.S.C. § 1125.

3.      Venue is proper pursuant to 28 U.S.C. § 1391 because DeLoach, the sole defendant, resides in this District, and a substantial part of the events or omissions giving rise to

1

Adventure's claims occurred in this district and/or a substantial part of the property that is the subject of the action is situated here.

## II.    THE PARTIES

4.    Plaintiff Adventure is a limited liability company organized under Delaware law. Adventure has its principal place of business in New York City, New York.

5.    DeLoach is an individual residing in Wellesley, Massachusetts.

### A.    The Business of Adventure

6.    For many years, Adventure has been a prominent provider of news, information, and events to manufacturers, sellers, and consumers of children's toys and games in the United States.

7.    Among other things, through The Toy Insider® website, newsletters, and events, Adventure has long been and continues to be a go-to source of news and information about children's toys and games, providing hundreds of new product listings, reviews, and links to retailers where such products can be purchased. Adventure also puts out annual, seasonal gift guides, including Holiday Gift Guides, printed and delivered to families across America. The Toy Insider also provides experts to appear on local and national news outlets - including television, Instagram, Twitter, Tik Tok and YouTube - and report on current toy trends.

8.    Through The Toy Insider, Adventure also stages heavily populated annual events, which have included Sweet Suite®, Holiday of Play™, and Spring Fling®, at which toy manufacturers and vendors display their products to consumers, press, and digital influencers at locations such as the Chelsea Piers and Pier 61 in New York City. Adventure uses symbols including the following to promote those events on The Toy Insider website and elsewhere:

2



*See* www.adventurepublishinggroup.com; https://thetoyinsider.com/2025-events.

9.    In promoting its Holiday of Play event and its annual Holiday Guide, Adventure has long used the hashtag "HoliPLAY" on platforms such as Twitter.  For example:



10.    Among other things, through The Toy Book®, which Adventure describes as  "The Official Trade Publication for the North American Toy Industry," Adventure publishes bi-monthly magazines, more frequent newsletters, and daily digital and social media content, which provide

news, product announcements  and reviews, commentaries, and other information to industry participants.  *See* https://toybook.com.  The Toy Book also selects industry participants for annual "Pulse of Play" awards in various categories.  *See*  https://toybook.com/pulseofplayawards/.

11.    Adventure is the owner of federal trademark registration No. 2117723 for the wordmark "The Toy Book," which was issued on December 2, 1997.  Adventure is also the owner of federal trademark  registration No. 3548330 for the wordmark "The Toy Insider," which was issued on December 16, 2008.  Adventure is also the owner of federal service mark registration No. 7609888 for "Sweet Suite," which was issued on December 17, 2024.  On November 24, 2025, Adventure filed to register the service mark "Holiday of Play" with the U.S. Patent and Trademark Office, and that application is currently pending.  The foregoing documents are annexed as Exhibit A hereto.

**B.    The Past and Present Businesses of DeLoach**

12.    From approximately 2012 through November 2024, through a series of annual independent contractor agreements with Adventure, DeLoach, among other things, authored posts for publication on Adventure's The Toy Insider or Toy Book websites, planned and administrated Adventure's Holiday of Play, Sweet Suite, and Spring Fling events in New York City, and made appearances on television, radio and/or podcasts - all to promote the business of Adventure. DeLoach's contract work for Adventure was expressly part-time, to allow her to pursue her other toy-industry businesses.

13.    During the 2012 – 2024 period in which she provided the above services to Adventure, DeLoach also offered and provided consulting, marketing, and related services to small players in the toy industry. For example, since at least as early as 2022, DeLoach has

4

promoted her "Total Toy Creative" services through her totaltoycreative.com website, as follows:

> Total Toy Creative is a revolutionary consulting service designed for small toy brands to help increase revenue and maximize exposure through set-up services for content marketing, referral marketing, social media advertising, and event marketing to enable small toy brands to learn about or create these select eCommerce strategies in-house.
>
> Total Toy Creative was created to help small toy brands achieve control over their marketing because your time, money, and content are precious!
>
> *  *  *
>
> Through my CREATE process, I'll help you create and set up a simple but effective eCommerce advertising system to get you started so you can learn what you need and maximize your revenue.

See https://web.archive.org/web/20220929052443/totaltoycreative.com.

14. During the same time period, with Adventure's knowledge and permission, DeLoach also promoted the events she managed for Adventure to larger players in the toy industry, including Adventure clients, through her other websites, webpages, and social media accounts, including: https://www.playroomchronicles.com; https://charlenechronicles.com; https://charlenedeloach.com; https://theplayinsider.com; https://www.youtube.com/@CharleneChronicles; https://www.linkedin.com/in/charlenedeloach/; and https://instagram.com/playroomchronicles. Among other things, she caused those websites, webpages, and social media feeds to display Adventure event badges and other materials, including videos, that displayed Adventure's registered trademarks and unregistered trade dress, to the benefit of both Adventure and herself.

## III.  DEFENDANT'S INFRINGING CONDUCT

### A.  Continuing, Unauthorized Use of Adventure's Registered Marks

15. Since the expiration of her final contract with Adventure at the end of December 2024, and even though no longer affiliated with Adventure, DeLoach continued to display

5

Adventure's trademarks and trade dress on her websites, web pages and social media pages, without Adventure's permission. This creates the false impression that she remains affiliated with, or sponsored or endorsed by Adventure, misappropriating to herself the goodwill among industry participants and Adventure clients that she was paid to create for Adventure.

16.    Among other things, DeLoach's websites promoting her own services and events – including but not limited to thetoypreneur.com, charlenedeloach.com, and playroomchronicles.com – display, or until very recently have displayed,[1] Adventure's The Toy Insider and Toy Book registered marks in the following or similar fashions:



*See*, e.g., https://thetoypreneur.com; https://charlenedeloach.com/about.

17.    Similarly, DeLoach's websites advertise, or until recently have advertised, her services on a page that displays Adventure's own event badges (shown above), which bear Adventure's The Toy Insider trademark:

---

[1] On February 27, 2026, Adventure forwarded a preliminary draft of this Complaint to an attorney for Oliver, for purposes of discussion. Within a short time thereafter, Oliver evidently caused her website(s) to delete some of their infringing contents described and/or depicted herein. Such deletions do not negate Adventure's claims for monetary and/or injunctive relief, although some mitigation of damages could arguably result. Adventure trusts that Oliver has preserved versions of her websites as they existed on and before February 27, to avoid any spoliation of important evidence.



18.    For her newest website, thetoypreneur.com, DeLoach also assembled short clips of what she calls "video testimonials:"



*See* https://thetoypreneur.com/about-charlene-deloach.

19.    However, for the most part, the "testimonials" entitled "TV Appearances," which DeLoach recently deleted following Adventure's objections, were actually clips of television appearances that TheToy Insider paid DeLoach to make on its behalf and for which The Toy Insider compensated her for the travel costs and other expenses she incurred in doing so.  In such clips, she is sometimes introduced as "The Toy Insider's Charlene DeLoach," and Adventure's The Toy Insider mark were often prominently displayed.  For example:







20.     In light of DeLoach's prior authorized use of Adventure's registered trademarks, her continued display of those marks without authorization establishes the likelihood of confusion and irreparable harm to Adventure as a matter of law. Confusion is inevitable because Adventure's customers have already associated DeLoach with the trademarks' owner, Adventure. Under the circumstances, even a voluntary cessation by DeLoach of her infringing

8

behavior, such as by scrubbing Adventure's marks from her websites and webpages and publishing disclaimers of ongoing association with Adventure, would not, absent an injunction and damages, remedy the harm Adventure has endured.

**B.    Defendant's "Holiday of Play" Mark and #holiplay hashtag**

21.    In the fall of 2025, approximately nine months after the end of her business relationship with Adventure, DeLoach began promoting the launch of her new online event, which she called the "Holiplay Summit," pitching it to industry players on her LinkedIn page, her playroomchronicles.com website, and links on the former that redirected to the latter.

22.    DeLoach pitched her inaugural "Holiplay" event on LinkedIn as "The Toy and Parenting Event of the Year" that would connect toy companies with "500 – 1000 parents," who would be buying toys for their children for the holidays. Among other things, she offered toy companies the opportunity to sponsor the event and "cut[] through the clutter by putting your brand in front of parents in a way gift guides can't."



**HoliPlay 2026 Waitlist**

HoliPlay 2026 will be opening later this year! Join the waitlist now to get an early-bird notific exclusive discounts!) before it opens.



These above images were initially posted on DeLoach's website at this address: https://summit.playroomchronicles.com. Again, DeLoach caused them to be deleted in response to Adventure's objections. However, there is no assurance that they, or something resembling them, will not unless enjoined, be reposted by DeLoach in connection with her expected 2026 Holiplay Summit event. Even now, DeLoach's playroomchronicles.com website contains a "Holiplay Event Policy."



*See* https://www.playroomchronicles.com/?s=holiplay.

23. DeLoach has long been well-aware of Adventure's Holiday of Play™ event - which DeLoach planned and staged under her contracts with Adventure - and of Adventure's use of #HoliPlay to promote the event on Twitter and other platforms. Nevertheless, DeLoach has pirated "HoliPlay" as the name of the above "Holiplay Summit" event that she staged in November 2025 and is planning to stage again in subsequent November 2026 on her own behalf.

**C. DeLoach's Confusingly Similar Web Addresses**

24. The name of DeLoach's website https://theplayinsider.com, was intended by DeLoach to be, and is, confusingly similar to the trademarked name of Adventure's website https://thetoyinsider.com.. Following Adventure's advice that Adventure was about to file this action, DeLoach has deactivated this website, and the address now redirects to playroomchronicles.com. Nevertheless, confusion among actual and prospective customers of Adventure, and among the consumers they seek to influence, has resulted from its similarity to Adventure's thetoyinsider.com, and is likely to occur in the future should the website be reactivated.

**D.    DeLoach's Confusingly Similar Website Trade Dress**

25.    To reinforce viewers' impressions from all the foregoing that DeLoach continues to be acting in affiliation with Adventure, or otherwise to be sponsored or endorsed by Adventure, DeLoach has clothed her new toypreneur.com website in the long-established colors and trade dress of Adventure's thetoyinsider.com website - with which Adventure's customers, actual and prospective, are well familiar, and which they have come to associate with Adventure. For example:



26.    As a result of the foregoing, actual and prospective customers for Adventure's services, along with the consumers whom Adventure seeks to inform and influence on their behalf, have been and are likely to be misled into believing that DeLoach's services continue to be offered on behalf of Adventure, or that they are sponsored, endorsed, or authorized by Adventure. That is the unlawful impression that DeLoach plainly intends to create.

27.    Adventure has been damaged by the foregoing in an amount that will be proven at trial, but that Adventure reasonably estimates to equal or exceed the sum of $150,000.00.

28.   Among other things, Adventure's reputation, the value of its trademarks, and the related goodwill it has developed over time and at great expense among its clients and customers have been devalued by DeLoach's misappropriation of its intellectual property and her offering of services and staging of industry events using Adventure's marks, and the confusion those activities have caused in the toy industry. "Adventure's Holiday of Play event lost attendees, exhibitors and sponsors in 2025 and stands to lose attendees, exhibitors, and sponsors revenues in 2026 and further diminish the value of the Holiday of Play brand, should DeLoach again stage her copycat 'Holiplay Summit' event and charge sponsorship fees, which it waived in 2025." Television stations to which DeLoach gained access to promote toys on behalf of Adventure's clients and other toy companies, based upon information and belief in the strength of her affiliation with Adventure's The Toy Insider® brand, have been misled into continuing to feature her and display and mention that brand, even after learning that DeLoach had ceased her affiliation with Adventure, and that has prevented Adventure from accessing those stations for spots to promote its own business.

## FIRST CLAIM FOR RELIEF

### Trademark Infringement
### 15 U.S.C. § 1114

29.   Adventure realleges ¶¶ 1-28 above with the same force and effect as if set forth fully herein at length.

30.   Defendant's uses of Adventure's registered trademarks to promote her own businesses, as described without limitation above, constitute trademark infringement in violation of 15 U.S.C. § 1114(1).

31.     Defendant's use of those registered marks should be preliminarily and permanently enjoined, and Adventure should be awarded all monetary and other relief to which it is entitled under 15 U.S.C. §§ 1116 and 1117, and otherwise under law.

## SECOND CLAIM FOR RELIEF

### Unfair Competition
### 15 U.S.C. § 1125

32.     Adventure realleges ¶¶ 1-31 above with the same force and effect as if set forth fully herein at length.

33.     Defendant's uses of Adventure's unregistered trademarks and trade dress to promote her own businesses, as described without limitation above, individually and/or in combination, constitute trade dress infringement, false designation of origin and/or unfair competition in violation of § 15 U.S.C. 1125(a).

34.     Defendant's use of those unregistered trademarks and trade dress should be preliminarily and permanently enjoined, and Adventure should be awarded all monetary and other relief to which it is entitled under 15 U.S.C. §§ 1116 and 1117, and otherwise under law.

## JURY DEMAND

Plaintiff respectfully demands that this matter be tried before a jury on all claims so triable.

WHEREFORE, Adventure demands that DeLoach be preliminarily and permanently enjoined from continuing to infringe Adventure's registered and unregistered trademarks and trade dress, that Adventure be awarded its damages and DeLoach's profits, trebled as may be appropriate, resulting from DeLoach's willful violations, along with its costs and attorneys' fees.

14

ADVENTURE MEDIA AND EVENTS,
LLC
By Its attorneys


*Robert D. Hillman*
_____
Robert D. Hillman, BBO#552637
VALERIO DOMINELLO &
HILLMAN, LLC
One University Avenue
Suite 300B
Westwood, MA 02090
(617) 862-2005
Robert.Hillman@VDHBoston.com

Dated:  June 3, 2026

15